**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI (CAPE GIRARDEAU)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL DUSTIN DUNLAP, | ) | Case No. 19-10252 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | MOTION FOR RELIEF FROM |
| 21st MORTGAGE CORPORATION, | ) | THE AUTOMATIC STAY |
| | ) | |
| Movant, | ) | Response Due: June 24, 2019 |
| | ) | Hearing Time: 1:45 PM |
| v. | ) | Hearing Date:  July 1, 2019 |
| | ) | Hearing Location: |
| MICHAEL DUSTIN DUNLAP, | ) | U.S. Bankruptcy Court |
| | ) | U.S. Courthouse Courtroom 3A |
| Respondent. | ) | 555 S. Independence St. |
| | | Cape Girardeau, MO |

COMES NOW 21st Mortgage Corporation ("Movant"), by and through its attorney, Sharon L. Stolte of Sandberg Phoenix & von Gontard P.C., and moves for relief from the automatic stay.  In support of this Motion for Relief from the Automatic Stay (the "Motion"), Movant states as follows:

**PARTIES**

1. Movant is a corporation organized and existing under the laws of Delaware.

2. Movant is a secured creditor in the case, and therefore, a party-in-interest in Debtor's bankruptcy case.

3. Debtor is an individual residing at 243 B. Street, Lot 38, Cape Girardeau, Missouri 63701.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. 157 and 1334, as this core proceeding arises in Debtor's Chapter 7 bankruptcy case.

1

11532915.1

5. Venue in this Court is proper pursuant to the provisions of 28 U.S.C. § 1409(a) as Debtor's bankruptcy case is pending before this Court.

## LOAN DOCUMENTS

6. On August 15, 2015, a Consumer Loan Note, Security Agreement and Disclosure Statement containing terms to finance in the principal amount of $38,541.10 was executed and delivered by Debtor to Movant (the "Note").  A copy of the Note is attached hereto and incorporated herein by reference as **Exhibit A**.

7. As security for the repayment of the Note, Debtor granted Movant a security interest in and to one (1) new 2015 Southern manufactured home (Serial No. RUS067437AL) (the "Collateral").  A copy of the Certificate of Title is attached hereto and incorporated herein by reference as **Exhibit B** (the "Lien Document").

8. Movant holds a valid, enforceable, unavoidable, first priority perfected security interest in the Collateral.

9. Under the terms of the Note, Debtor was to make installment payments consisting of principal and interest at the annual percentage rate of 10.74%.

10. As of May 15, 2019, Debtor was in default under the Note owing accrued interest in the amount of $1,190.22, late fees in the amount of $201.32 and three past due payments in the amount of $1,475.96.

11. Debtor's Statement of Intention provides Debtor will retain the Collateral and enter into a Reaffirmation Agreement.  *[ECF #1]*  A copy of the Statement of Intention is attached hereto and incorporated herein by reference as **Exhibit C**.

12. Debtor has failed timely to take the action specified in the Statement of Intention and remains in default under the terms of the Note.

11532915.1

**REQUESTED RELIEF**

13. Pursuant to 11 U.S.C. § 362(a), Movant is prohibited from commencing or continuing any judicial, administrative or other action or proceeding against the Collateral in which Debtor's bankruptcy estate may have an interest.

14. Pursuant to 11 U.S.C. § 362(d)(1), Movant is entitled to relief from the automatic stay for cause as Debtor has failed to adequately protect Movant's interest in the Collateral by failing to make payments to Movant.

15. Pursuant to 11 U.S.C. § 362(h)(1)(B), Movant is entitled to relief from the automatic stay for cause as Debtor has failed to adequately protect Movant's interest in the Collateral and has failed to take timely action specified in his Statement of Intention. To prevent the termination of the automatic stay, Section 362(h)(1)(B) of the Bankruptcy Code requires the debtor "to take timely the action specified" in the statement of intention, meaning some action beyond simply filing the statement of intention. Merely stating an intention to reaffirm a debt and expressing interest in negotiating payment terms is not enough. Taking steps to perform the debtor's intention means actually signing a reaffirmation agreement; or taking steps that prove the debtor is willing and able to execute a reaffirmation agreement prepared by the creditor.

16. Debtor has failed to perform under the terms of the Note, and has failed to perform actions pursuant to the Debtor's Statement of Intent.

17. Accordingly, Movant is entitled to an order terminating the automatic stay.

**WHEREFORE**, Movant respectfully requests that this Court enter an order terminating the automatic stay, pursuant to 11 U.S.C. 362(h)(1)(B), for Debtor's non-performance of his Statement of Intention and to enter into a Reaffirmation Agreement, permit Movant to enforce its rights in the Collateral, including leave to pursue any and all available statutory and contractual remedies against the Collateral; for an order finding that Movant has a valid, enforceable,

3

11532915.1

unavoidable, first priority perfected security interest in the Collateral; the Order be effective immediately upon entry and not stayed under Rule 4001; and that the Order be binding and remain in full force and effect irrespective of a conversion of this case to a different Chapter of the Bankruptcy Code; and for such other and further relief as is just and equitable.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

/s/ Sharon L. Stolte
Sharon L. Stolte, MO #41133
4600 Madison Avenue, Suite 1000
Kansas City, MO  64112
816.627.5543 Tel/816.627.5532 Facsimile
sstolte@sandbergphoenix.com
*ATTORNEY FOR 21ST MORTGAGE CORPORATION*

11532915.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI (CAPE GIRARDEAU)

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL DUSTIN DUNLAP, ) | Case No. 19-10252 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| 21st MORTGAGE CORPORATION, ) | |
| ) | |
| Movant, ) | SUMMARY OF EXHIBITS |
| ) | |
| v. ) | |
| ) | |
| MICHAEL DUSTIN DUNLAP, ) | |
| ) | |
| Respondent. ) | |

Pursuant to L.B.R. 9040-1, the following exhibits are referenced in support of 21st Mortgage Corporation's Motion for Relief from the Automatic Stay. Copies of these exhibits will be provided as required by Local Rule:

      A. Consumer Loan Note, Security Agreement and Disclosure Statement
      B. Certificate of Title
      C. Debtor's Statement of Intent *[ECF #1, p. l57]*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 22nd day of May 2019, 21st Mortgage Corporation's Motion for Relief from Automatic Stay was electronically filed with the Court using the Court's CM/ECF system, was served on all interested parties receiving electronic notification and a copy with exhibits was placed in the U.S. mail, postage prepaid, addressed to the following:

Michael Dustin Dunlap
243 B Street, Lot 38
Cape Girardeau, MO 63701
DEBTOR

John A. Loesel
Kichtenegger, Weiss & Fetterhoff LLC
2480 E. Main St.
Jackson, MO 63755
ATTORNEY FOR DEBTOR

D. Matthew Edwards
733 N. Main
PO Box 67
Sikeston, MO 63801
TRUSTEE

                                         /s/ Sharon L. Stolte
                                         Sharon L. Stolte

11532915.1